UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

| | |
|---|---|
| ZLOOP, INC. | CIVIL ACTION NO. 6:18-cv-00031 (Lead) |
| | 6:18-cv-00032 (Member) |
| VERSUS | JUDGE JUNEAU |
| PHELPS DUNBAR LLP, ET AL. | MAGISTRATE JUDGE HANNA |

## MEMORANDUM RULING

Before the court is plaintiff Zloop, Inc.'s motion to strike (Rec. Doc. 161), which seeks to have the defendants' request for attorneys' fees stricken from their answer. The motion is opposed. Considering the evidence, the law, and the arguments of the parties, and for the reasons fully explained below, the motion is DENIED.

## Background

Zloop, Inc. filed these consolidated lawsuits against Phelps Dunbar LLP and its individual attorneys Heather Duplantis, Michael D. Hunt, Kelly Romer Boudreaux, and Marc G. Matthews, for legal malpractice and other torts arising out of the defendants' representation of Zloop, Inc., Robert Boston, and Robert LaBarge in litigation involving Kendall Mosing. Zloop, Inc.'s primary contention is that there was a conflict of interest between Zloop, Inc. on the one hand and Mr. Boston and Mr. LaBarge on the other that allegedly resulted in the corporation being damaged by the joint representation.

The prayer set forth in the defendants' answer to the plaintiff's original, first, and second amended complaints for damages requests that the defendants "be awarded the costs and expenses of suit, including reasonable attorneys' fees, incurred in the defense of this action, and for such other relief as the Court considers just and proper."[1]  The plaintiff now seeks to have the defendants' prayer for attorneys' fees stricken from the answer.

## Law and Analysis

Motions to strike are governed by Rule 12(f) of the Federal Rules of Civil Procedure, which states that "[t]he court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter."  A motion to strike under Rule 12(f) "is a drastic remedy to be resorted to only when required for the purposes of justice."[2]  Accordingly, Rule 12(f) motions to strike are viewed with disfavor, and are infrequently granted.[3]  Furthermore, such motions generally are not granted unless the movant shows it has been prejudiced.[4]  Disputed factual

---

[1]    Rec. Doc. 158 in Civil Action No. 6:18-cv-00031 at p. 43.

[2]    *Augustus v. Bd. of Pub. Instruction of Escambia County, Fla.*, 306 F.2d 862, 868 (5th Cir. 1962) (quoting *Brown & Williamson Tobacco Corp. v. United States*, 201 F.2d 819, 822 (6th Cir. 1953)).

[3]    *Kaiser Aluminum & Chem. Sales, Inc. v. Avondale Shipyards, Inc.*, 677 F.2d 1045, 1057 (5th Cir. 1982); C. Wright & A. Miller, 5C Fed. Prac. & Proc. 3d § 1380.

[4]    See, e.g., *Coco v. United States*, 569 F.2d 367, 372 (5th Cir. 1978) ("While we do not condone the government's tardiness in responding to the court's order to show cause, we believe

issues should not be resolved on a motion to strike,[5] and "even when technically appropriate and well-founded," motions to strike are not to be granted "in the absence of a showing of prejudice to the moving party."[6] Deciding whether to strike all or a portion of a pleading lies within the court's discretion.[7]

Zloop did not argue that the defendants' inclusion of a request for attorneys' fees in the prayer at the end of their answer was an insufficient defense or that it was redundant, impertinent, or scandalous; Zloop argued solely that the request for attorneys' fees was immaterial. Immaterial matter is that which has no essential or important relationship to the claim for relief or the defenses being pleaded.[8] Immateriality is established by showing that the challenged allegations "can have no possible bearing upon the subject matter of the litigation."[9]

---

the district court acted within its discretion in denying the motion to strike. Coco has not shown the slightest prejudice resulting from the short delay.").

[5] *Augustus v. Bd. of Pub. Instruction of Escambia Cnty., Fla.*, 306 F.2d at 868.

[6] *Abene v. Jaybar, LLC*, 802 F. Supp. 716, 723 (E.D. La. 2011) (quoting 5C Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1381 (3d ed. 2004)).

[7] *In re Beef Industry Antitrust Litigation, MDL Docket No. 248*, 600 F.2d 1148, 1168–69 (5th Cir. 1979) (citing 5 C. Wright & A. Miller, Federal Practice and Procedure § 1382 at 807 (1969)). See, also, *Cambridge Toxicology Group, Inc. v. Exnicios*, 495 F.3d 169, 178 (5th Cir. 2007).

[8] C. Wright & A. Miller, 5C Fed. Prac. & Proc. 3d § 1382.

[9] *Bayou Fleet Partnership, LLC v. St. Charles Parish*, No. 10-1557, 2011 WL 2680686, at *5 (E.D. La. July 8, 2011).

Subject-matter jurisdiction in this case is grounded on diversity, the parties having established that none of the defendants are citizens of the state in which the plaintiff is a citizen and that the amount in controversy exceeds the jurisdictional threshold. In such a situation, substantive Louisiana law applies.[10] Under Louisiana law, attorneys' fees may be awarded only if authorized by statute or required in a contract.[11]

In support of its motion to strike, Zloop argued that the defendants failed to identify any Louisiana statute or any contract under which they were entitled to recover attorneys' fees, rendering their prayer for attorneys' fees immaterial. While Zloop is correct that the defendants will ultimately have to prove their entitlement to attorneys' fees in order to be awarded attorneys' fees, Zloop itself contended in its reply brief, that the "resolution of attorney fees issues is best left for after the trial."[12] Therefore, this is not the time to decide whether the defendants may recover attorneys' fees – or not. More important, Zloop has not shown that it has been prejudiced in any way by the inclusion of defendants' request for attorneys' fees in the prayer section of their answer. Accordingly,

---

[10] See, e.g., *Moore v. State Farm Fire & Cas. Co.*, 556 F.3d 264, 269 (5th Cir. 2009).

[11] *Stutts v. Melton*, 2013-0557 (La. 10/15/13), 130 So.3d 808, 814.

[12] Rec. Doc. 165 at 4 (quoting *United Consumers Club, Inc. v. Bledsoe*, No. 2:97cv276, 2007 WL 541814 at *4 (N.D. Ind. Feb. 15, 2007)).

IT IS ORDERED that the motion to strike (Rec. Doc. 161), which was filed by the plaintiff, Zloop, Inc., is DENIED.

Signed at Lafayette, Louisiana, this 28th day of June 2019.

_____
PATRICK J. HANNA
UNITED STATES MAGISTRATE JUDGE